1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

7

8
9
10
11
12

STILWELL VALUE PARTNERS II, L.P.,
STILWELL VALUE PARTNERS V, L.P.,
STILWELL VALUE PARTNERS VI, L.P.,
STILWELL VALUE PARTNERS VII, L.P.,
STILWELL PARTNERS, L.P.,
STILWELL ASSOCIATES, L.P., STILWELL
VALUE LLC, and JOSEPH STILWELL,

**Civil Action No.:**

**PLAINTIFFS' COMPLAINT**

JURY DEMANDED

Plaintiffs,

13

vs.

14

15

MILLER NASH LLP, and
RICHARD THOMAS OLSON,

16

Defendants.

17

18
19
20
21
22
23
24

Plaintiffs, STILWELL VALUE PARTNERS II, L.P., STILWELL VALUE PARTNERS V, L.P., STILWELL VALUE PARTNERS VI, L.P., STILWELL VALUE PARTNERS VII, L.P., STILWELL PARTNERS, L.P., STILWELL ASSOCIATES, L.P., STILWELL VALUE LLC, and JOSEPH STILWELL (collectively, the "Stilwell Group"), for their Complaint against the Defendants, MILLER NASH LLP and RICHARD THOMAS OLSON (collectively, "Defendants"), allege, state, and aver as follows:

25

PLAINTIFFS' COMPLAINT - 1

26

Law Offices of
ROBERT B. GOULD
4100 194th Street SW, Suite 215
Lynnwood, Washington 98036
(206) 633-4442 (Phone)
(206) 633-4443 (Fax)

## PARTIES

1.      The limited partnership entities that comprise the Stilwell Group are a group of private investment funds.  The Stilwell Group limited partnership entities are Delaware Limited Partnerships, and Stilwell Value LLC is a Delaware Limited Liability Company, each with their principal places of business at 111 Broadway, 12th Floor, New York, New York, 10006, and consist of the following:

- Stilwell Value Partners II, L.P.;
- Stilwell Value Partners V, L.P.;
- Stilwell Value Partners VI, L.P.;
- Stilwell Value Partners VII, L.P.;
- Stilwell Partners, L.P.;
- Stilwell Associates, L.P.; and
- Stilwell Value LLC.

Joseph Stilwell is the managing member of Stilwell Value LLC.  Joseph Stilwell is the only general partner of Stilwell Partners, L.P.  Stilwell Value LLC is the only general partner of each of the remaining limited partnership entities listed above.  The limited partnerships and limited liability company that make up the Stilwell Group are citizens of the States of Delaware and New York.  Joseph Stilwell is an individual and a citizen of the State of New York.

2.      The Defendant Miller Nash LLP ("Miller Nash") is a limited liability partnership organized under Oregon law with its principal place of business located at 111 S.W. Fifth Avenue in Portland, Oregon, 92704.  Miller Nash is a citizen of the State of Oregon.  Miller Nash has offices in the State of Oregon and the State of Washington and its partners are citizens of the States of Oregon and Washington.

PLAINTIFFS' COMPLAINT - 2

Law Offices of
ROBERT B. GOULD
4100 194th Street SW, Suite 215
Lynnwood, Washington 98036
(206) 633-4442 (Phone)
(206) 633-4443 (Fax)

3.     The Defendant Richard Thomas Olson ("Olson") is a former partner of Miller Nash who is licensed to practice law in the State of Washington (WSBA No. 214) and who, during all relevant times, worked out of Miller Nash's Seattle, Washington office and acted within the course and scope of his employment with the Miller Nash partnership.  Olson is a citizen of the State of Washington.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.  This Court has specific personal jurisdiction over the Defendants as Defendants maintain minimum contacts with the State of Washington, transact business within the State of Washington, and/or have otherwise purposefully availed themselves of the protections of the State of Washington as set forth herein.

5.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 as a substantial part of the acts or omissions giving rise to the claims herein occurred within this District.

## THE NATURE OF THIS ACTION

6.     This lawsuit involves acts, errors and omissions committed by the Defendants in the performance of their professional services, including at a May 24, 2012 annual shareholders meeting of First Financial Northwest, Inc. ("FFNW"), held in Renton, Washington ("Shareholders Meeting").  FFNW is a holding company for First Savings Bank Northwest, a corporation in which the Stilwell Group held (and still holds) a large percentage of shares.

PLAINTIFFS' COMPLAINT - 3

Law Offices of
ROBERT B. GOULD
4100 194th Street SW, Suite 215
Lynnwood, Washington 98036
(206) 633-4442 (Phone)
(206) 633-4443 (Fax)

7.     The Stilwell Group retained Miller Nash to provide the Stilwell Group with legal advice and assistance in connection with the solicitation and voting of shareholder proxies at the Shareholders Meeting.

8.     Specifically, Miller Nash was retained to provide advice, counsel and assistance to the Stilwell Group and D.F. King & Co., Inc. ("D.F. King"), a New York-based proxy solicitation firm, in properly voting shareholder proxies at the Shareholders Meeting in favor of Spencer Schneider ("Schneider"), the Stilwell Group's candidate for election to FFNW's Board of Directors ("Board"), for a three-year term.  At the time the Stilwell Group retained Miller Nash with respect to the Shareholders Meeting, the Stilwell Group was facing the prospect of a proxy contest.  The Stilwell Group had retained Miller Nash on multiple occasions in connection with prior proxy-solicitation-and voting-type matters.

9.     The Stilwell Group's success in winning the May 24, 2012 proxy contest was necessary to effect its plan to replace then-current Board member, President and CEO of FFNW, Victor Karpiak ("Karpiak"), with the Stilwell Group's candidate, Schneider, and in effectuating a sale of FFNW on the basis of a shareholder mandate obtained during and through such proxy contest.

10.     Miller Nash advised the Stilwell Group and D.F. King about and regarding FFNW's bylaws, as well as about and regarding agreed-upon ground rules governing the election and the voting of proxies ("the Ground Rules"), both of which required the timely submission of a master ballot executed by a proxy holder in order to vote the proxies.  Prior to the Shareholders Meeting, Miller Nash knew that a properly executed master ballot was required to be timely submitted for the Stilwell Group's voted proxies, shares, and tabulations to have legal effect.

PLAINTIFFS' COMPLAINT - 4

Law Offices of
ROBERT B. GOULD
4100 194th Street SW, Suite 215
Lynnwood, Washington 98036
(206) 633-4442 (Phone)
(206) 633-4443 (Fax)

Nevertheless, prior to the Shareholders Meeting, Miller Nash failed to advise either the Stilwell Group or D.F. King that a properly executed master ballot was required to be timely submitted for the submitted proxies to be deemed properly voted. Furthermore, at the Shareholders Meeting, the Defendants failed to advise either the Stilwell Group or D.F. King that a properly executed master ballot was required to be timely submitted for the submitted proxies to be deemed properly voted, and the Defendants failed to ensure that D.F. King made a timely and proper submission of all documents necessary for the valid voting of proxies in favor of the Stilwell Group's candidate, including the timely submission of an executed master ballot. As a consequence of these failures, a legal, timely and proper voting of proxies, including the timely submission of an executed master ballot in favor of the Stilwell Group's candidate was not made, which damaged the rights and interests of the Stilwell Group.

11.    Because an executed master ballot was not properly and timely submitted at the Shareholders Meeting, the Inspector of Elections at that meeting, Raymond Riley ("Riley"), declared Karpiak the winner of the election, even though FFNW's shareholders had presented 1,988,021 more votes for the Stilwell Group's candidate than for Karpiak. As a direct result, the Stilwell Group was forced to initiate litigation against FFNW and spend millions of dollars in attorneys' fees and costs to install the Stilwell Group's candidate on FFNW's Board, in order to effect the position the Stilwell Group and other shareholders of FFNW would have been in had the Defendants provided the legal advice and services they had agreed and/or were obligated to provide at the Shareholders Meeting.

PLAINTIFFS' COMPLAINT - 5

Law Offices of
ROBERT B. GOULD
4100 194th Street SW, Suite 215
Lynnwood, Washington 98036
(206) 633-4442 (Phone)
(206) 633-4443 (Fax)

12.    The Stilwell Group herein seeks to make itself whole by recovering the damages it has sustained and not recovered, including but not limited to interest on liquidated sums, as a direct result of the Defendants' acts, errors, omissions, and breaches.

### THE STILWELL GROUP'S PLAN TO APPOINT ITS CANDIDATE TO FFNW'S BOARD OF DIRECTORS AND TO SELL FFNW

13.    Although FFNW had $1.1 billion in assets as of December 31, 2011, it had performed poorly for a number of years, suffering significant losses as a direct result of numerous and questionable management mistakes and decisions, including excessive exposure to construction and rental property lending and high operating costs, as well as exorbitant executive compensation.  In fact, between 2007 and 2011, FFNW lost a cumulative amount of $90 million, resulting in FFNW being placed under supervision by federal and state banking regulators.

14.    Despite the losses and management issues, the Stilwell Group believed that FFNW could be turned in a new direction for the benefit of its shareholders.  Consequently, prior to the Shareholders Meeting, the Stillwell Group acquired 1,603,298 shares in FFNW, or 8.5% of the company's outstanding shares.  On information and belief, ownership of these shares made the Stilwell Group the largest unaffiliated owner of FFNW, second only to the employees' stock option plan.

15.    Although FFNW created a new Board seat for the Stilwell Group around that time, Karpiak's continued control over the Board made it impossible for the Stilwell Group to stop FFNW's stagnation at the hands of existing management or to bring about a sale of the company.

PLAINTIFFS' COMPLAINT - 6

Law Offices of
ROBERT B. GOULD
4100 194th Street SW, Suite 215
Lynnwood, Washington 98036
(206) 633-4442 (Phone)
(206) 633-4443 (Fax)

16.     As a result, the Stilwell Group concluded that replacing Karpiak was critical to implementing its overall business strategy.   Once equipped with a shareholders' mandate of change to be effectuated though the election of the Stilwell Group's chosen Board candidate over Karpiak, the Stilwell Group would gain the support necessary to enforce its plan.   With that support, the Stilwell Group could and would enforce the shareholder mandate to sell FFNW within a short time following the May 24, 2012 election.   In February 2012, the Stilwell Group provided notice that it intended to contest Karpiak's re-election to the Board at the Shareholders Meeting and to run Schneider as an alternative candidate for director.

17.     The Stilwell Group thereafter disseminated the following communication to shareholders, which succinctly laid out the choice between existing management's "stay the course" mentality and a sale of the company for the benefit of shareholders to be enforced through the election of the Stilwell Group's candidate:

- In this election, if you think our Bank should consider buying another bank (or banks), vote for management's slate;

- If you want to give Victor Karpiak another chance to remain CEO, vote for management's slate;

- If you want to maintain a 'director emeritus' program, paying the retired directors *who led our Bank into its losses*, and if you want to keep their pictures hanging on the walls, vote for management's slate; ....

- If you believe that management compensation should consist of salary, cash bonuses, stock options, restricted stock, matching contributions for 401(k) plans, ESOP participation, executive supplemental retirement pensions (payable at age 60), 'evergreen' employment and severance agreements, club dues, and a car allowance-then please vote for management's slate;

- However, if you favor accountability for management and for the board, vote for our nominee. We think Victor should be fired[;] ....

PLAINTIFFS' COMPLAINT - 7

Law Offices of
ROBERT B. GOULD
4100 194th Street SW, Suite 215
Lynnwood, Washington 98036
(206) 633-4442 (Phone)
(206) 633-4443 (Fax)

- If you want our Bank to be sold to the highest bidder, vote for our nominee. We'll take your mandate and push to get the best price in a sale as quickly as possible.

18.    The Stilwell Group's goals of electing its candidate to the Board and obtaining a shareholder mandate for the sale of FFNW were to be achieved through complicated and contested procedures regarding the solicitation and voting of proxies, thereby requiring the guidance and assistance of legal counsel experienced in such matters.  Consequently, the Stilwell Group retained Miller Nash to provide it with legal advice and assistance in connection with the proxy solicitation and voting process, and to ensure that the proxies for the Stilwell Group's candidate were voted legally, properly, and timely.

## THE STILWELL GROUP RETAINS MILLER NASH

19.    On multiple occasions over a number of years prior to the Shareholders Meeting, the Stilwell Group had retained Miller Nash to provide the Stilwell Group with lawyer-client advice, the performance of legal services, as well as guidance and assistance in connection with proxy solicitation matters, which included, but were not limited to, contested shareholder elections.

20.    As a result of the legal services, guidance and assistance Miller Nash had rendered in connection with past proxy solicitation matters, including, but not limited to, contested shareholder elections, Miller Nash and the Stilwell Group had an ongoing, special relationship whereby the Stilwell Group reposed its trust and confidence in Miller Nash to provide proper advice, guidance and assistance with such matters.

PLAINTIFFS' COMPLAINT - 8

Law Offices of
ROBERT B. GOULD
4100 194th Street SW, Suite 215
Lynnwood, Washington 98036
(206) 633-4442 (Phone)
(206) 633-4443 (Fax)

21.     On or about February 23, 2012, the Stilwell Group retained D.F. King to handle proxy solicitation services relating to the Shareholders Meeting.  The Stilwell Group knew that outside legal counsel was needed in addition to D.F. King to ensure compliance with relevant laws, the bylaws and Ground Rules at the Shareholders Meeting.

22.     In or about February 2012, the Stilwell Group retained Miller Nash to provide it with legal advice and services as well as guidance and assistance with regard to the proxy solicitation process and the upcoming contested shareholder election at the Shareholders Meeting, in exchange for reasonable attorneys' fees and expenses.

### THE REQUIREMENT OF A MASTER BALLOT

23.     The Washington Business Corporation Act holds that "[a] shareholder may vote the shareholder's shares in person or by proxy." RCW 23B.07.220(1).

24.     In relevant part, the Washington Business Corporation Act holds that "[t]he bylaws of a corporation may contain any provision for managing the business and regulating the affairs of the corporation. . . ." RCW 23B.02.060.

25.     FFNW's bylaws, at Article III, §2, stated in relevant part that FFNW's board of directors were to be divided into three classes, and that "[t]he member of each class shall be elected by ballot" for a specified term, and that "[o]ne class shall be elected by ballot each year at the annual meeting."

26.     FFNW's bylaws at Section 9 set forth that "[a]t all meetings of shareholders, a shareholder may vote by proxy. . . ."  FFNW's bylaws at Section 11 provided that "[u]nless otherwise provided in the Articles of Incorporation, by statute or by these bylaws, a majority of

PLAINTIFFS' COMPLAINT - 9

Law Offices of
ROBERT B. GOULD
4100 194th Street SW, Suite 215
Lynnwood, Washington 98036
(206) 633-4442 (Phone)
(206) 633-4443 (Fax)

those votes cast by shareholders at a lawful meeting shall be sufficient to pass on a transaction or matter."

27.     In furtherance of its obligations, Miller Nash analyzed and edited the Ground Rules applicable to the Shareholders Meeting in the days preceding the Shareholders Meeting. The Ground Rules required the submission of a master ballot for voting proxies in favor of a director to the Board.  Section II of the Ground Rules is titled "BALLOTS AND PROXIES" and specifically provides the following:

> A ballot form, substantially in the form attached, will be distributed by the Company for use by those shareholders who wish to vote in person at the Meeting.  A separate ballot form, in the form attached, will be distributed by the Company for use in casting votes by proxyholders.

> Following any speeches in support of nominees, those wishing to vote in person at the Meeting will be instructed to mark their ballots to indicate the nominees for whom they wish to vote.  After all matters of the Meeting have been presented to the shareholders, they will be instructed to turn in their ballots.

28.     Section V of the Ground Rules, entitled "INITIAL TABULATION," included the following:

> Upon completion of the initial review of all ballots (including proxyholder ballots and the tabulations from all proxy reporting services) and upon the conclusion of the period for challenges, the Inspector of Elections will perform an initial count of the vote.

29.     Therefore, the Ground Rules and FFNW's bylaws required the submission of a master ballot executed by a proxy holder during the election.  The FFNW shareholders had the option of directing that their proxies be voted either in favor of Karpiak and existing management, or in favor of the Stilwell Group's candidate and its mandate for change.

PLAINTIFFS' COMPLAINT - 10

Law Offices of
ROBERT B. GOULD
4100 194th Street SW, Suite 215
Lynnwood, Washington 98036
(206) 633-4442 (Phone)
(206) 633-4443 (Fax)

30.     In furtherance of its retention in connection with the Shareholders Meeting, between May 19, 2012 and May 21, 2012, Miller Nash analyzed the Ground Rules and provided its analysis to both Schneider and D.F. King's employee, Richard Grubaugh ("Grubaugh").

31.     Miller Nash also analyzed the proxy validation rules provided by the Inspector of Elections and provided its analysis to both Schneider and Grubaugh.

32.     On or about May 21, 2012, Miller Nash received, analyzed, and revised draft master ballots and ballots prepared by D.F. King for use at the Shareholders Meeting.  Shortly thereafter, Miller Nash provided its analysis of the master ballots to Schneider and D.F. King's employee, Rebecca Kral ("Kral").

33.     Miller Nash's analysis of the Ground Rules and the master ballots, and its communication relating to same to the Stilwell Group and to D.F. King, reflects Miller Nash's knowledge both that a master ballot was required to vote the proxies at the Shareholders Meeting, and that the Stilwell Group and D.F. King were relying on Miller Nash's expertise and advice in connection with the use of master ballots at the Shareholders Meeting.  Miller Nash had a duty to advise the Stilwell Group and D.F. King in the days preceding the Shareholders Meeting of the requirement of a timely and proper submission of a master ballot at the Shareholders Meeting.

34.     Miller Nash had a duty to advise, inform and provide its partners, including Olson, and any attorneys working on its behalf, of the requirement of a timely and proper submission of a master ballot at the Shareholders Meeting, and to ensure that a master ballot was properly submitted at the Shareholders Meeting.

PLAINTIFFS' COMPLAINT - 11

Law Offices of
ROBERT B. GOULD
4100 194th Street SW, Suite 215
Lynnwood, Washington 98036
(206) 633-4442 (Phone)
(206) 633-4443 (Fax)

35.    Defendants also had a duty to provide the Stilwell Group and D.F. King with timely and proper legal advice and services at the Shareholders Meeting, and to uphold their fiduciary obligations to the Stilwell Group.

36.    The Stilwell Group relied on and expected Defendants to provide the Stilwell Group and D.F. King with timely and proper legal advice, services and guidance, including, but not limited to, advice, guidance and assistance to ensure and confirm the timely submission of a master ballot at the Shareholders Meeting, to the end that the Stilwell Group's known objectives would be achieved.

## DEFENDANTS FAIL TO PERFORM THEIR DUTIES

37.    On the morning of May 24, 2012, the date of the Shareholders Meeting, Miller Nash, sent attorney Olson as its agent and legal representative for the Stilwell Group.

38.    Olson met Kral, Schneider, and the Stilwell Group's principal, Joseph Stilwell, at the site of the Shareholders Meeting.

39.    Despite Defendants' agreement with and duties owed to the Stilwell Group, during the period of the Shareholders Meeting in which the polls were open, Olson failed to advise Schneider to execute a master ballot in his capacity as proxyholder, failed to advise Kral to include an executed master ballot among the materials she was to submit to the Inspector of Elections in order to properly and timely vote the proxies, shares and tabulations that had been collected in favor of the election of the Stilwell Group's candidate and in favor of its mandate for change, and failed to ensure and confirm the proper and timely submission of a master ballot.

40.    Despite Defendants' agreement with and duties owed to the Stilwell Group, during the period of the Shareholders Meeting in which the polls were open, Olson did not

PLAINTIFFS' COMPLAINT - 12

Law Offices of
ROBERT B. GOULD
4100 194th Street SW, Suite 215
Lynnwood, Washington 98036
(206) 633-4442 (Phone)
(206) 633-4443 (Fax)

1  confirm with the Stilwell Group or Kral that an executed master ballot was among the materials

2  Kral was to submit to the Inspector of Elections in order to properly and timely vote the proxies,

3  shares and tabulations that had been collected.

4  41.   The Stilwell Group relied upon the purported competence, skill, expertise, and

5  experience of the Defendants, and relied upon the Defendants at the Shareholders Meeting to

6  fulfill their obligations to provide legal advice and services as well as guidance and assistance

7  and to ensure and confirm the legal, timely and proper voting of proxies, shares and tabulations

8  in favor of the election of the Stilwell Group's candidate and in support of the Stilwell Group's

9  mandate for change.

10  42.   Before the Shareholders Meeting commenced, Kral gave Riley all of the proxies,

11  shares and tabulations that D.F. King had collected.  Kral did not submit a master ballot to Riley

12  at that time.

13  43.   At 9:00 a.m., Pacific Time, on the day of the Shareholders Meeting, and

14  according to procedure and the Ground Rules, the voting polls opened.   The polls closed

15  approximately 16 minutes later.

16  44.   Olson did not to object to the polls being closed or request that they be kept open

17  longer.

18  45.   After the polls were closed, Riley unofficially announced an initial tabulation of

19  approximately 8 million votes for the election of the Stilwell Group's candidate to the Board and

20  approximately 6 million for Karpiak, making the Stilwell Group's candidate the apparent winner.

21  46.   Around the same time, Riley summoned Kral and Arthur Regan ("Regan"), the

22  proxy solicitor for FFNW's then-current management, into a separate, curtained area of the

PLAINTIFFS' COMPLAINT - 13

Law Offices of
ROBERT B. GOULD
4100 194th Street SW, Suite 215
Lynnwood, Washington 98036
(206) 633-4442 (Phone)
(206) 633-4443 (Fax)

1   auditorium and informed them that he could not locate a master ballot submitted by the Stilwell

2   Group.

3        47.   When it became clear that a master ballot voting the proxies, shares and

4   tabulations in the Stilwell Group's favor had not been submitted, Regan challenged the proxy

5   votes tendered to Riley in favor of the Stilwell Group.  Olson did nothing.

6        48.   At or around 11:55, Pacific Time, the same morning, D.F. King submitted a

7   master ballot executed by the Stilwell Group's candidate, Schneider.  Although Riley accepted

8   the master ballot, he marked the submission as "late."

9

10        49.   Later, Riley announced his preliminary ruling:  a quorum had existed based on the

11   proxies submitted by D.F. King, but those proxies would not be counted as votes in favor of the

12   Stilwell Group due to the failure to tender the proxies with a master ballot, as required by the

13   Ground Rules.  Riley then announced that, based on his calculations and determination, Karpiak

14   had received 6 million votes, while the Stilwell Group's candidate had only received 650 votes,

15   and, therefore, Riley declared Karpiak the winner.

16        50.   On May 29, 2012, Riley issued his final report, which stated, in relevant part, the

17   following:

18
       Second, no ballot was executed by the opposition proxy holder prior to the
19          closing of the polls, and this fact was not in dispute at the meeting site. A
       so-called Master Ballot, sometimes referred to as the "Ballot of the
20          Appointed Proxy" – or one of the company's own ballots that were
       available at the meeting – and that bore the name of the opposition
21          candidate – must be cast by the proxy holder, or his or her duly authorized
       representative, in order to officially *cast* the votes of the holders who had
22          given proxies to the Stilwell Group.

23          The polls were officially closed, after fair warning, at 9:16 a.m.

24

25   PLAINTIFFS' COMPLAINT - 14

26
Law Offices of
ROBERT B. GOULD
4100 194th Street SW, Suite 215
Lynnwood, Washington 98036
(206) 633-4442 (Phone)
(206) 633-4443 (Fax)

At 11:55 a.m., the Stilwell group [sic] delivered a Master Ballot to the Inspector, signed by Spencer Schneider as the proxy-holder for the opposition slate, but, as noted, the polls had long been officially closed. Accordingly, none of the votes that were "present at the meeting" were cast for the Stilwell Group, except for one ballot that was properly executed for Stillwell [sic] on the company's form.

51.     Riley's report confirmed that, as a direct result of the failure to submit a timely master ballot, the Stilwell Group's candidate had been defeated and that the Stilwell Group had lost the force of the shareholder mandate to sell FFNW.

52.     Had Defendants faithfully and competently performed their duties at the Shareholders Meeting, Schneider would have been victorious, the shareholder mandate to sell FFNW at that time would have been afforded legal effect, and the Stilwell Group would not have suffered damages.

## THE STILWELL GROUP IS FORCED TO SUE FFNW

53.     The Defendants' acts, errors, and omissions at the Shareholders Meeting forced the Stilwell Group to retain new legal counsel and prosecute an action against FFNW, Karpiak and Riley in the Superior Court of King County, State of Washington (King County Superior Court Cause No. 12-2-20022-0 KNT), to attempt to compel FFNW to appoint the Stilwell Group's candidate to the Board in place of Karpiak (the "Washington Lawsuit") and place itself in the same position it would have been in had the Defendants provided the proper legal advice, counsel and assistance at the Shareholders Meeting. The Stilwell Group and Schneider filed the Washington Lawsuit on or around June 7, 2012. The foregoing King County Superior Court lawsuit and its pleadings are incorporated herein by reference.

PLAINTIFFS' COMPLAINT - 15

Law Offices of
ROBERT B. GOULD
4100 194th Street SW, Suite 215
Lynnwood, Washington 98036
(206) 633-4442 (Phone)
(206) 633-4443 (Fax)

54.    FFNW, Karpiak and Riley vigorously defended the Washington Lawsuit, and after significant discovery and motion practice, the parties briefed cross-summary judgment motions.

55.    The court denied the Stilwell Group's motion for summary judgment, and granted in part and denied in part the defendants' motions for summary judgment by Order dated October 9, 2012.  In so ruling, the court held that FFNW's bylaws and the Ground Rules both required that a ballot be cast by the proxyholders, and that proxies and proxy tabulations do not constitute a ballot.

56.    The parties to the Washington Lawsuit entered into a settlement in or around December 2012.  Pursuant to that settlement, FFNW agreed to appoint the Stilwell Group's candidate to the Board and Karpiak agreed to resign.

57.    The Stilwell Group incurred $2,189,526.84 in attorneys' fees and costs prosecuting the Washington Lawsuit through the December 2012 settlement.  The sole purpose of the Washington Lawsuit was to place the Stilwell Group's candidate on the Board, which would have occurred on or shortly after May 24, 2012 had the Defendants not breached their duties to the Stilwell Group.

58.    In addition, despite the Washington Lawsuit and its resolution, the Stilwell Group has been unable to make itself whole because, as a direct and proximate result of the failure to submit a master ballot, the force behind the shareholder mandate to sell FFNW after May 24, 2012 was lost.  As a consequence, the Stilwell Group, including Joseph Stilwell, have sustained reputational damages and injuries as well as lost business opportunities in excess of ten million dollars ($10,000,000.00).

PLAINTIFFS' COMPLAINT - 16

Law Offices of
ROBERT B. GOULD
4100 194th Street SW, Suite 215
Lynnwood, Washington 98036
(206) 633-4442 (Phone)
(206) 633-4443 (Fax)

## COUNT I – LEGAL MALPRACTICE (NEGLIGENCE)
### (AGAINST MILLER NASH AND OLSON)

59.     The Stilwell Group incorporates by reference herein paragraphs 1 through 58.

60.     The Defendants and each of them owed affirmative duties of due care to the Stilwell Group to provide services consistent with the ordinary and reasonable skill, and knowledge commonly possessed and required by members of the legal profession and community and to provide services free from professional negligence, including, but not limited to, the following duties:

a.     the duty to properly ensure compliance with the Washington Business Corporation Act RCW 23B.01 *et seq.*;

b.     the duty to properly ensure compliance with FFNW's bylaws with respect to the Shareholders Meeting;

c.     the duty to properly ensure compliance with the Ground Rules of the Shareholders Meeting;

d.     the duty to properly advise the Stilwell Group of the requirement of a proper and timely submission of an executed master ballot;

e.     the duty to properly ensure and confirm the proper and timely submission of an executed master ballot at the Shareholders Meeting; and

f.     the duty to otherwise provide advice and legal counsel relating to achieving the Stilwell Group's objectives at the Shareholders Meeting.

61.     Defendants and each of them breached their duties of due care owed to the Stilwell Group and negligently failed to exercise the ordinary and reasonable skill, and knowledge commonly possessed and required by members of the legal profession and community by committing acts, errors, and/or omissions of professional negligence in one or more of the following ways:

PLAINTIFFS' COMPLAINT - 17

Law Offices of
ROBERT B. GOULD
4100 194th Street SW, Suite 215
Lynnwood, Washington 98036
(206) 633-4442 (Phone)
(206) 633-4443 (Fax)

a.   by failing to properly ensure compliance with the Washington Business Corporation Act RCW 23B.01 *et seq.*;

b.   by failing to properly ensure compliance with FFNW's bylaws with respect to the Shareholders Meeting;

c.   by failing to properly ensure compliance with the Ground Rules of the Shareholders Meeting;

d.   by failing to properly advise the Stilwell Group of the requirement of a proper and timely submission of an executed master ballot;

e.   by failing to properly ensure and confirm the proper and timely submission of an executed master ballot at the Shareholders Meeting; and

f.   were otherwise careless and negligent and breached their duties of due care owed to the Stilwell Group.

62.   As a direct and proximate result of the Defendants' breaches of duties, the Stilwell Group's candidate for a seat on the FFNW Board was defeated, causing the Stilwell Group to suffer substantial damages in attempting to rectify the Defendants' negligent acts, errors, and omissions as aforesaid, including, but not limited to, litigation costs and attorneys' fees, reputational damages and injuries, and lost business opportunities in an amount to be proven at trial, but which substantially exceeds $75,000.00.

## COUNT II – LEGAL MALPRACTICE (BREACH OF ORAL CONTRACT) (AGAINST MILLER NASH AND OLSON)

63.   The Stilwell Group incorporates by reference herein paragraphs 1 through 58.

64.   The Stilwell Group retained Defendants pursuant to an oral contract to provide legal services in preparation for and at the Shareholders Meeting.  In particular, Stilwell Group and Miller Nash each orally agreed that Defendants would perform legal work and services in preparation for and at the Shareholders Meeting in return for payment by the Stilwell Group for

PLAINTIFFS' COMPLAINT - 18

Law Offices of
ROBERT B. GOULD
4100 194th Street SW, Suite 215
Lynnwood, Washington 98036
(206) 633-4442 (Phone)
(206) 633-4443 (Fax)

fees and costs incurred by Miller Nash according to the previous fee arrangements between the parties. Pursuant to the oral contract, Miller Nash agreed that Defendants would:

a.    ensure compliance with the Washington Business Corporation Act RCW 23B.01 *et seq.*;

b.    ensure compliance with FFNW's bylaws with respect to the Shareholders Meeting;

c.    ensure compliance with the Ground Rules of the Shareholders Meeting;

d.    properly advise the Stilwell Group of the requirement of a proper and timely submission of an executed master ballot;

e.    properly ensure and confirm the proper and timely submission of an executed master ballot at the Shareholders Meeting; and

f.    otherwise provide advice and legal counsel relating to achieving the Stilwell Group's objectives at the Shareholders Meeting.

65.    The Stilwell Group has performed all terms and conditions of the contract.  The Defendants and each of them have breached the contract in one or more of the following ways:

a.    by failing to properly ensure compliance with the Washington Business Corporation Act RCW 23B.01 *et seq.*;

b.    by failing to properly ensure compliance with FFNW's bylaws with respect to the Shareholders Meeting;

c.    by failing to properly ensure compliance with the Ground Rules of the Shareholders Meeting;

d.    by failing to properly advise the Stilwell Group of the requirement of a proper and timely submission of an executed master ballot;

e.    by failing to properly ensure and confirm the proper and timely submission of an executed master ballot at the Shareholders Meeting; and

f.    otherwise breached the contract with the Stilwell Group.

PLAINTIFFS' COMPLAINT - 19

Law Offices of
ROBERT B. GOULD
4100 194th Street SW, Suite 215
Lynnwood, Washington 98036
(206) 633-4442 (Phone)
(206) 633-4443 (Fax)

66.   As a direct and proximate result of the Defendants' breaches of contract as aforesaid, the Stilwell Group's candidate for a seat on the FFNW Board was defeated, causing the Stilwell Group to suffer substantial damages proximately flowing and arising out of those breaches, including, but not limited to, litigation costs and attorneys' fees, reputational damages and injuries, and lost business opportunities in an amount to be proven at trial, but which substantially exceeds $75,000.00.

## COUNT III – BREACH OF FIDUCIARY DUTY
## (AGAINST MILLER NASH AND OLSON)

67.   The Stilwell Group incorporates by reference herein paragraphs 1 through 58.

68.   A fiduciary relationship existed between the Stilwell Group and Defendants whereby Defendants held themselves out as having the proper training, skill, knowledge, and experience necessary in matters relating to the services required to prepare for and effectuate the Stilwell Group's specific intentions and purposes at the Shareholders Meeting.   The Stilwell Group hired Miller Nash for these very purposes and reposed trust and confidence in Defendants that they would:

a.   ensure compliance with the Washington Business Corporation Act RCW 23B.01 *et seq.*;

b.   ensure compliance with FFNW's bylaws with respect to the Shareholders Meeting;

c.   ensure compliance with the Ground Rules of the Shareholders Meeting;

d.   properly advise the Stilwell Group of the requirement of a proper and timely submission of an executed master ballot;

e.   properly ensure and confirm the proper and timely submission of an executed master ballot at the Shareholders Meeting; and

PLAINTIFFS' COMPLAINT - 20

Law Offices of
ROBERT B. GOULD
4100 194th Street SW, Suite 215
Lynnwood, Washington 98036
(206) 633-4442 (Phone)
(206) 633-4443 (Fax)

f.      otherwise provide advice and counsel relating to achieving the Stilwell Group's objectives at the Shareholders Meeting.

69.    As a result of the fiduciary relationship between Miller Nash and the Stilwell Group, Miller Nash had a resulting superiority of influence on the Stilwell Group such that Defendants were under a duty to act for and give advice to and for the benefit of the Stilwell Group within the scope of the relation.

70.    Notwithstanding the duties as aforesaid, the Defendants and each of them breached their fiduciary duties owed to the Stilwell Group in one or more of the following ways:

a.      by failing to properly ensure compliance with the Washington Business Corporation Act RCW 23B.01 *et seq.*;

b.      by failing to properly ensure compliance with FFNW's bylaws with respect to the Shareholders Meeting;

c.      by failing to properly ensure compliance with the Ground Rules of the Shareholders Meeting;

d.      by failing to properly advise the Stilwell Group of the requirement of a proper and timely submission of an executed master ballot;

e.      by failing to properly ensure and confirm the proper and timely submission of an executed master ballot at the Shareholders Meeting; and

f.      otherwise breached their fiduciary duties owed to the Stilwell Group.

71.    During the Shareholders Meeting, the Stilwell Group trusted and reposed their confidence in the Defendants to identify and give advice regarding any problems associated with the master ballot and then to timely speak up and act in the event of any such problems to and for the benefit of the Stilwell Group within the scope of the relation.  Thus, during the Shareholders Meeting, the Defendants, based upon their fiduciary relationship with the Stilwell Group, owed separate additional affirmative duties to the Stilwell Group to identify and give advice regarding

PLAINTIFFS' COMPLAINT - 21

Law Offices of
ROBERT B. GOULD
4100 194th Street SW, Suite 215
Lynnwood, Washington 98036
(206) 633-4442 (Phone)
(206) 633-4443 (Fax)

any problems associated with the master ballot, and to timely speak up and act so as to ensure and confirm the proper and timely submission of an executed master ballot, for the benefit of the Stilwell Group.

72.     The Defendants and each of them breached their fiduciary duties to the Stilwell Group by failing to identify and give advice regarding the problems that occurred at the Shareholders Meeting associated with the master ballot and by failing to timely speak up and act so as to ensure and confirm the proper and timely submission of an executed master ballot. Instead, on the date of the Shareholders Meeting, the Defendants and each of them failed to identify and give advice regarding the problems associated with the master ballot and failed to timely speak up and act as indicated and required.

73.     As a direct and proximate result of the Defendants' breaches of their fiduciary duties, the Stilwell Group's candidate for a seat on the FFNW Board was defeated, causing the Stilwell Group to suffer substantial damages proximately flowing and arising out of those breaches, including, but not limited to, litigation costs and attorneys' fees, reputational damages and injuries, and lost business opportunities in an amount to be proven at trial, but which substantially exceeds $75,000.00.

74.     In addition, as a direct and proximate result of the Defendants' breaches of their fiduciary duties as aforesaid, Defendants must disgorge the entirety of their fee charged to the Stilwell Group in connection with preparation for and including attendance at the Shareholders Meeting.

## COUNT IV – NEGLIGENT MISREPRESENTATION
### (AGAINST MILLER NASH AND OLSON)

PLAINTIFFS' COMPLAINT - 22

Law Offices of
ROBERT B. GOULD
4100 194th Street SW, Suite 215
Lynnwood, Washington 98036
(206) 633-4442 (Phone)
(206) 633-4443 (Fax)

75.     The Stilwell Group incorporates by reference herein paragraphs 1 through 58.

76.     The Defendants held themselves out as possessing unique or specialized experience concerning the matters associated with the effectuation of the Stilwell Group's purposes and intentions at the Shareholders Meeting. The Defendants were in a special position of confidence and trust with the Stilwell Group and knew that they were to provide proper guidance and assistance to the Stilwell Group, and that the Stilwell Group would be relying upon the Defendants at the Shareholders Meeting to effectuate the Stilwell Group's purposes and intentions at the Shareholders Meeting. As a result of Defendants' special position of confidence and trust with the Stilwell Group, the Defendants had a special relationship with the Stilwell Group such that the Defendants owed the Stilwell Group a duty of care with respect to their representations of and to the Stilwell Group.

77.     Notwithstanding the above, the Defendants breached their duties to the Stilwell Group in that they negligently misrepresented that they had the requisite knowledge and skill to attend to all requisite matters at the Shareholders Meeting consistent with the Stilwell Group's purposes and intentions for and at the Shareholders Meeting, negligently made material misrepresentations or omissions to the Stilwell Group at the Shareholders Meeting by failing to timely identify and give advice regarding the problems that occurred during the Shareholders Meeting associated with the master ballot, negligently failed to timely speak up and act so as to ensure and confirm the proper and timely submission of an executed master ballot, and otherwise negligently misrepresented that they would provide advice and counsel relating to achieving the Stilwell Group's objectives at the Shareholders Meeting. Instead, during the Shareholders Meeting, the Defendants and each of them failed to identify and give advice regarding the

PLAINTIFFS' COMPLAINT - 23

Law Offices of
ROBERT B. GOULD
4100 194th Street SW, Suite 215
Lynnwood, Washington 98036
(206) 633-4442 (Phone)
(206) 633-4443 (Fax)

problems associated with the master ballot and failed to timely speak up and act as required and represented pursuant to their duty of exercising due care.

78.    As a consequence of the Stilwell Group's special relationship with the Defendants, the Stilwell Group relied upon the Defendants' representations for the Stilwell Group's purposes and intentions leading up to and at the Shareholders Meeting and the Stilwell Group's reliance was justified or otherwise reasonable under the surrounding circumstances.

79.    As a direct and proximate result of the Defendants' negligent misrepresentations, the Stilwell Group's candidate for a seat on the FFNW Board was defeated, causing the Stilwell Group to suffer substantial damages proximately flowing and arising out of the Defendants' negligent misrepresentations, including, but not limited to, litigation costs and attorneys' fees, reputational damages and injuries, and lost business opportunities in an amount to be proven at trial, but which substantially exceeds $75,000.00.

## COUNT V – VICARIOUS LIABILITY
### (Against Miller Nash)

80.    The Stilwell Group incorporates by reference herein paragraphs 1 through 79.

81.    At all relevant times, Olson, and any and all other Miller Nash legal professionals working with Defendants in connection with the representation of the Stilwell Group in preparation for or at the Shareholders Meeting, was/were acting as agents or employees of Miller Nash within their respective agency or employment.

82.    Accordingly, Miller Nash is vicariously liable to the Stilwell Group for Olson's, and any other Miller Nash legal professional's acts, errors or omissions or other breaches of duties that has proximately caused damage to the Stilwell Group as aforesaid, so long as they

PLAINTIFFS' COMPLAINT - 24

Law Offices of
ROBERT B. GOULD
4100 194th Street SW, Suite 215
Lynnwood, Washington 98036
(206) 633-4442 (Phone)
(206) 633-4443 (Fax)

were working with the Defendants in connection with the representation of the Stilwell Group in preparation for or at the Shareholders Meeting.

WHEREFORE, the Stilwell Group prays that this Honorable Court enter judgment against the Defendants and each of them on each of the Stilwell Group's Causes of Action, and grant and award the Stilwell Group the following relief:

A.   Direct, general and consequential damages in an amount to be proven at trial;

B.   Disgorgement of the entirety of the fee charged by Defendants to Plaintiff;

C.   Attorney's fees, costs, and interest; and

D.   Such other and further relief that this Court deems just and proper under the circumstances.

JURY DEMANDED ON ALL ISSUES SO TRIABLE

DATED this 15th day of May, 2014.

LAW OFFICES OF ROBERT B. GOULD
Robert B. Gould, Esq., WSBA No. 4353
4100 194th Street SW, Suite 215
Lynnwood, WA 98036
(206) 633-4442
(206) 633-4443 – Fax
rbgould@nwlegalmal.com
Co-Counsel for Plaintiffs

RUBERRY, STALMACK & GARVEY, LLC
Edward F. Ruberry, Esq., *to seek admission pro hac vice*
James J. Berdelle, Esq., *to seek admission pro hac vice*
Adam C. Maxwell, Esq., *to seek admission pro hac vice*
500 West Madison Street, Suite 2300
Chicago, IL  60661-2511
(312) 466-8050
(312) 466-8055 – Fax
Co-Counsel for Plaintiffs

PLAINTIFFS' COMPLAINT - 25

Law Offices of
ROBERT B. GOULD
4100 194th Street SW, Suite 215
Lynnwood, Washington 98036
(206) 633-4442 (Phone)
(206) 633-4443 (Fax)